WARD, Judge.
The Board of Trustees of Spring Hill College brought suit to recover inheritance taxes paid under protest to the City of New Orleans. Spring Hill seeks recovery of $11,024.06 which the City collected pursuant to Section 28A-2(d) of the New Orleans City Code (Ordinance 11,262). The trial court sustained the City’s exception of no cause of action. The Board of Trustees appealed that ruling. They argue that the City inheritance tax, when levied against an educational institutional like Spring Hill College, conflicts with State constitutional and statutory law, and as a consequence, they contend the tax as applied to Spring Hill is invalid and that they are entitled to recover the taxes paid under protest.
We affirm. The trial court correctly found that the Board of Trustees does not have a cause of action to recover those taxes.
In 1986 the City of New Orleans initiated inheritance taxes by a series of ordinances which taxed property received by legatees of a decedent who lived within the City. Like the State inheritance tax, the City tax is a tax upon the recipient, as distinguished from an estate tax which is levied upon the estate of a decedent. The City exempted from payment of the inheritance tax only those legatees who are educational institutions located in New Orleans.
Unlike the City’s tax, the State’s inheritance tax exempts not only those educational institutions located in Louisiana, but also those located in other states when those states reciprocate with a like exemption for Louisiana institutions. The applicable part of the State’s inheritance tax states, in R.S. 47:2402(6):
Donations and legacies to charitable, religious, or educational institutions which are located in another state or territory of the United States, to the extent that the laws of the state or territory wherein such institutions are located contain reciprocal provisions allowing similar exemptions in respect to donations and legacies made to charitable, religious, or educational institutions located in other states or territories of the United States.
In this appeal the Board of Trustees does not contest the constitutionality of the City’s inheritance tax. The Board concedes that the tax is constitutionally valid on its face. That issue was settled by the Louisiana Supreme Court in Hildebrand v. City of New Orleans, 549 So.2d 1218 (La.1989), cert. denied, 494 U.S. 1028, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990), when the Supreme Court upheld the constitutionality of the City’s inheritance tax with one exception not applicable here. Spring Hill College, however, challenges the constitutionality of the tax as applied to it. The Board contends that the New Orleans inheritance tax when applied to Spring Hill College conflicts with the R.S. 47:2402(6), supra. And it argues, as a consequence of this conflict with the State law that exempts educational institutions, the City ordinance that does *10 not exempt them is unconstitutional. In other words, the Board contends that New Orleans taxes the very institutions that the State exempts, and, therefore, frustrates the concept of reciprocity adopted by the legislature. Spring Hill further argues policy considerations, that is, the Board contends Section 28A-2(d) potentially harms all Louisiana educational institutions because other states, like Alabama, may decide to end their policies of exempting Louisiana institutions from their state inheritance taxes if New Orleans refuses to exempt Alabama educational institutions such as Spring Hill College.
The City of New Orleans contends that the City's tax does not conflict with the State inheritance, and even if it did, Hildebrand, supra, is dispositive of the issue of constitutionality. We agree.
There is no conflict between the City’s Ordinance and R.S. 47:2402(6) supra. The Board of Trustees overlooks a crucial part of R.S. 47:2402, the beginning. After R.S. 47:2401 levies a tax upon all inheritances, R.S. 47:2402 says:
The following shall be exempt from the tax imposed in this Part:
(6) Donations and legacies to charitable, religious, or educational institutions which are located in another state (to the extent that the laws of that state are reciprocal).
Literally, the State exemption applies only to “the tax imposed in this Part,” the State inheritance tax. . The City ordinance does not conflict with a statute that is applicable only to the State’s inheritance tax.
Moreover, even if there was a conflict, the City ordinance is constitutionally sound. The Supreme Court in Hildebrand, p. 1221, supra, when answering the argument that the tax was unconstitutional, said:
We disagree. At the time of adoption of the 1974 Constitution, the City had the full power to levy any tax not prohibited by or inconsistent with the Constitution. Acorn v. City of New Orleans, 377 So.2d 1206 (La.1979). This power included the power to levy an inheritance tax, if not otherwise prohibited by or inconsistent with the Constitution. * * * The basic power to levy an inheritance tax continued when the 1974 Constitution became effective.
* * sje * #
When the framers of the 1974 Constitution intended to prohibit a local governmental subdivision from levying a specific type of tax, they did so in unambiguous terms.
* * * * sfc *
To summarize, Louisiana’s 1974 Constitution grants home rule to the City of New Orleans, and that home rule charter entity, the City in this case, retained the powers and functions which were not inconsistent with the Constitution. One of those powers retained was the power to tax, limited only by other specific provisions of the Constitution of 1974 which were spelled out in Article VII, pertaining to Revenue and Taxation. Thus, even if the City ordinance conflicted with the State inheritance law, the City ordinance is not unconstitutional if it is in furtherance of the City’s power to tax under its home rule charter.
As to public policy arguments of the Board, the argument that other states will change their policy towards Louisiana because of this ordinance is not persuasive. La. Const. Art. 7 § 4(C) was amended by the voters of this State on October 6, 1990 to prohibit any political subdivision of the State from levying an inheritance tax. Thus, the potential harm is nonexistent now that the tax is repealed.
AFFIRMED.